# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| NATHAN TAYLOR | * |
| Plaintiff | * |
| v | *     Civil Action No. JFM-10-2394 |
| UNIVERSITY OF MARYLAND HOSPITAL | * |
| Defendant | * |
| | *** |

## **MEMORANDUM**

The above-captioned case was filed August 27, 2010, together with a motion to proceed in forma pauperis. Because he appears to be indigent, plaintiff's motion shall be granted.

Plaintiff states he was shot four times on October 18, 2009, and taken to University of Maryland Hospital for medical treatment. Paper No. 1. He claims he almost died because medical staff released him from the hospital "with air still inside my lungs." *Id*. at p. 2. He states he went to the emergency room at Johns Hopkins Hospital where he received another chest tube and remained for two weeks. He claims he was told he should not have been discharged from University of Maryland and that he could have died as a result of the mistake made. He further states that University of Maryland staff implanted a tracking and hearing device into his body without his knowledge, thereby violating his constitutional rights. He seeks an order from this court placing him under the "federal protection program" and requiring removal of the devices implanted in his body without his permission.

To the extent the complaint alleges negligence in the context of plaintiff's discharge from University of Maryland Hospital, it is a medical malpractice claim. Medical malpractice claims do not involve a federal question as there is no constitutional right to error-free medical care. A

state-law claim, such as medical malpractice, may be brought in federal court if there is diversity of citizenship between the parties. *See* 28 U.S.C. § 1391(a). There is no diversity among the parties in this case, therefore, there is no basis for jurisdiction over the malpractice claim.

The claim plaintiff states is a constitutional violation implantation of tracking devices appears to be the product of delusional thought. A claim that is totally implausible or frivolous may be dismissed *sua sponte* for lack of subject matter jurisdiction pursuant to Fed R. Civ. P 12(b)(1). *See Apple v. Glenn*, 183 F.3d 477 (6th Cir. 1999); *O'Connor v. United States*, 159 F.R.D. 22 (D. Md. 1994); *see also Crowley Cutlery Co. v. United States*, 849 F.2d 273, 277 (7th Cir. 1988) (federal district judge has authority to dismiss a frivolous suit on his own initiative).

The complaint will be dismissed by separate order which follows.

Date: 9/7/10

/s/
J. Frederick Motz
United States District Judge